# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BENEDICT MAY, )<br>    **Plaintiff** )<br>)<br>vs. )<br>)<br>CRAWFORD COUNTY COURT, et al, )<br>    **Defendants.** ) | C.A.No. 15-17ERIE<br>District Judge Schwab<br>Magistrate Judge Baxter |

### MEMORANDUM OPINION AND ORDER

Plaintiff has filed a complaint, along with a motion seeking leave to proceed in forma pauperis in this case. As part of the screening process on a motion for in forma pauperis status, the Court must review the complaint. The Prison Litigation Reform Act ("PLRA") requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entitle. See 28 U.S.C. §1915(e)(2); 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief maybe be granted, or seeks momentary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). This action is subject to *sua sponte* screening for dismissal under both statutes because Plaintiff is a prisoner seeking to proceed in forma pauperis and seeking redress from the government.

On January 14, 2015, Plaintiff filed the instant civil rights action by way of a handwritten complaint that contains a request for preliminary injunctive relief. As the only Defendants to this action, Plaintiff has named "Crawford County Court" and "Erie County Prison."

In pertinent part, the complaint reads:

1

> I was denied access to the Erie County Prison Law Library, which is a protected right under the Constitution.
>
> I am being denied proper medical treatment for my hand, which is cruel and unusual punishment.
>
> The warrant I'm being held on was illegally issued by Crawford County. I told to Court since I was indigent I couldn't afford my fine payments or transportation from Erie to Crawford County.
>
> The Pa Criminal Code states when a Defendant is being held on an out of court warrant that if not immediately transported to the issuing county, the Defendant has a right to a hearing in the county of incarceration. I turned myself in on January 8th, 2015 and as of January 14, 2015, have not been transported or seen a judge.
>
> Erie County Prison has denied me my right to write and file motions on my behalf.
>
> I never received a copy of my bench warrant paperwork from Erie County Jail.
>
> I was illegally charged for contempt of court because contempt of court must be an intentional act by the Defendant to purposely violate a court order. I had no ability to go from my home in Erie to Meadville for court.
>
> I was not allowed to fill out and keep one copy of a subsection 1983 packet.
>
> My right to a speedy trial is being denied.
>
> My right to the process and equal justice is being denied because of my income.

ECF No. 1-1. As relief, Plaintiff requests an "immediate injunction issued vacating the Crawford County warrant and requiring my immediate release from Erie County Prison," as well as monetary damages. Id.

Plaintiff's complaint suffers from several deficiencies. First, these named Defendants, "Crawford County Court" and "Erie County Prison," cannot be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (police department is not a "person" as defined under § 1983 and thus, cannot be sued under that statute). Second, any issues arising out

of Plaintiff's arrest are not cognizable as they are barred by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994). Third, the injunctive relief which Plaintiff requests is not available in a § 1983 action, but is more appropriate in a petition for writ of habeas corpus. Finally, as to Plaintiff's claims about his medical treatment and his inability to access the law library and file motions in court, while these claims may be cognizable, Plaintiff has failed to state any factual basis for these claims.

Plaintiff is a *pro se* litigant, and as such, this Court must liberally construe his filings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."). However, the complaint does not provide any factual basis for his legal claims. In the interests of fairness and judicial economy, this Court will allow Plaintiff to file an Amended Complaint to state the factual allegations underlying his claims. See Fed.R.Civ.P. 15(a)(2) (stating that "the court should freely give leave [to amend] when justice so requires.").

The Amended Complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). The Amended Complaint must provide a "simple, concise, and direct" statement of the facts upon which Plaintiff's claim is based as required by the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8. Plaintiff need not name his legal theory of the case, but must only provide a factual narrative of his claims.

Furthermore, the caption of the Amended Complaint must contain the names and addresses of all Defendants. See Fed.R.Civ.P. 10(a). The Amended Complaint must include all the claims against all the Defendants, fully explaining which Defendant took what action and when that action was taken. See generally In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d

256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "the first paragraph of any newspaper story – that is, the 'who, what, when, where and how' of the event at issue."). The Amended Complaint may be handwritten or typed, but must be signed by Plaintiff and dated.

AND NOW, this 23rd day of January, 2015;

IT IS HEREBY ORDERED that Plaintiff file an Amended Complaint in accordance with the instructions within this Memorandum Order before February 2, 2015. Failure to comply with this Order will result in the dismissal of this action either for failure to prosecute or as frivolous under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that the Clerk of Courts mail the *pro se* civil rights package to Plaintiff as soon as possible and to notate the date of such mailing on the docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties may seek review by the district court by filing Objections to this Memorandum Order within fourteen (14) days. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge