# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BENEDICT MAY, | ) | |
| Plaintiff, | ) | Civil Action No. 15-17E |
| | ) | |
| v. | ) | District Judge Schwab |
| | ) | |
| CRAWFORD COUNTY COURT, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

**II.     REPORT**

This civil rights action was filed in this Court on January 14, 2015. Due to deficiencies in the original complaint and because Plaintiff is a pro se litigant, this Court directed Plaintiff to file an amended complaint before February 2, 2015, or risk dismissal of this case for failure to prosecute or as frivolous under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). ECF No. 2.

As of today's date, Plaintiff has failed to comply. Furthermore, mail posted to Plaintiff on January 26, 2015, at his address of record has been returned to the Clerk of Courts and the Court has been informed that Plaintiff is no longer incarcerated at that address.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d

1

863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Plaintiff has failed to comply with the Court Order directing him to file an amended complaint to cure the deficiencies of the original complaint. Plaintiff has been moved, but he has failed to advise the Court of his current address despite his ongoing obligation in this regard. Without Plaintiff's correct address, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. It is unlikely that the allegations of the original complaint could state a claim upon which relief could be ultimately be granted as noted in the Memorandum Opinion and Order filed January 23, 2015. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 5, 2015